IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **JOAN FRANCES BRAULT,** | * | |
| Plaintiff, | * | |
| v. | | Case No.: GJH-18-3244 |
| | * | |
| **TRANS UNION, LLC,** *et al.*, | | |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Joan Frances Brault, a licensed attorney proceeding *pro se*, filed this lawsuit against Defendants Trans Union, LLC ("Trans Union"), J.P. Morgan Chase Bank, N.A. ("J.P. Morgan"), and Wells Fargo Bank, N.A. ("Wells Fargo") alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601, the Federal Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, and the Maryland Consumer Protection Act ("MCPA"), Md. Code. Ann. Com. Law § 13-301, as well as state law contract and property claims. Wells Fargo and J.P. Morgan have filed Motions to Dismiss. ECF Nos. 18, 21. Nearly four months later, Plaintiff filed a Motion for Leave to Amend, ECF No. 26, which Wells Fargo and J.P. Morgan have opposed. ECF Nos. 27, 28. No hearing is necessary. See Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion for Leave to Amend is denied, and Defendants' Motions to Dismiss are granted.

**I. BACKGROUND**[1]

In 2017, Plaintiff sought to refinance her home with J.P. Morgan and Wells Fargo, but was denied credit by both entities. ECF No. 1-4 ¶¶ 7-9. J.P. Morgan first conditionally approved Plaintiff's application to refinance her home, but later withdrew the offer based on a credit report produced by Defendant Trans Union containing false information, "including a long list of unauthorized inquiries into Plaintiff's credit, credit card debt not attributable to Plaintiff," and the address of her ex-husband listed as her own. *Id.* ¶ 9. Wells Fargo denied the application due to a "debt to income ratio of 163.67%." *Id.* ¶ 10.

Plaintiff's Amended Complaint details the process by which Plaintiff was directed, first by J.P. Morgan and then by Wells Fargo, to apply for credit. ECF No. 26-3 ¶¶ 9-18. Upon conditional approval, J.P. Morgan required Plaintiff to complete various tasks, including signing the application and related agreements, providing copies of financial records, and making a $500 payment. *Id.* ¶ 9. Plaintiff completed these tasks, but J.P. Morgan denied the application because the parties to the new transaction were not the same as the parties to the original mortgage, and because Plaintiff's debt-to-income ratio was 137.502%. *Id.* ¶ 12.

The Amended Complaint also alleges that Plaintiff reapplied for refinancing after securing employment and was denied again due to insufficient income, high balances on revolving accounts, level of delinquency, and number of credit inquiries. *Id.* ¶ 17. However, Plaintiff alleges that the delinquency information on her credit report was incorrect at the time. *Id.* J.P. Morgan recommended submitting an application for an assumption of the mortgage, but that mortgage was also denied due to her debt-to-income ratio, which did not include her alimony as income because she could not show six months of alimony payments had been

---

[1] Unless otherwise stated, the background facts are taken from Plaintiff's original or Amended Complaints, ECF No. 1-4, ECF No. 26-3, and are presumed to be true.

received. *Id.* ¶ 19. That fall and winter, the parties entered conciliation but both Wells Fargo and J.P. Morgan continued to refuse to offer Plaintiff a refinance or assumption of the mortgage; J.P Morgan stated that this denial was because of late payments made on Plaintiff's accounts during the fall. *Id.* ¶¶ 22-24.

## II. STANDARD OF REVIEW

Though leave to amend a pleading "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), a motion for leave to amend should be denied when the amendment would be futile. *Devil's Advocate, LLC v. Zurich Amer. Ins. Co.*, 666 F. App'x 256, 267. An amendment to a complaint is futile when the amended complaint could not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Id.*

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville, Md.*, 891 F.3d 141, 145 (4th Cir. 2018). To overcome a 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiffs must "provide sufficient detail" to show "a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners*, 887 F.3d 637, 645 (4th Cir. 2018) (citing *Owens v. Balt. City State's Attorneys' Office*, 767 F.3d 379, 396 (4th Cir. 2014)). The mere recitation of "elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). Nor must the Court accept unsupported legal allegations. *Revene v. Charles Cnty. Commis.*, 882 F.2d 870, 873 (4th Cir. 1989). A plausibility

determination is a "context-specific inquiry" that relies on the court's "experience and common sense." *Iqbal*, 556 U.S. at 679-80.

## III. DISCUSSION

J.P. Morgan and Wells Fargo seek to dismiss Plaintiff's FCRA, TILA, ECOA, MCPA, breach of contract, and *lis pendens* claims. The FCRA requires "furnishers of credit information to provide accurate information to credit reporting agencies, to correct inaccuracies, and to investigate disputed information upon notice from a credit reporting agency." *Alston v. Wells Fargo Home Mortg.*, No. TDC-13-3147, 2016 WL 816733, at *8 (D. Md. 2016). To bring a claim under § 1681s-2(b) of the act, a plaintiff must establish "(1) that he or she notified the consumer reporting agency of the disputed information, (2) that the consumer reporting agency notified the defendant furnisher of the dispute, and (3) that the furnisher then failed to investigate and modify the inaccurate information." *Ausar-El v. Barclay Bank Del.*, No. PJM 12-0082, 2012 WL 3137151, at *3 (D. Md. 2012).

Assuming that Plaintiff has plausibly pled that she notified Trans Union of the disputed information and that Trans Union notified Wells Fargo and J.P. Morgan, she has not pled that either entity failed to investigate and modify the inaccurate information. Instead, Plaintiff asserts that Defendants' failure to consider her hardship circumstances in their refusals to agree to forbearance, refinance, or assumption of the mortgages raises the inference of a "biased, inadequate and discriminatory FCRA investigation." ECF Nos. 20-1 at 6, 24-1 at 6.[2] The Court disagrees. It does not logically follow that, because Defendants refused to extend credit to Plaintiff, they also failed to investigate and modify any inaccurate information. Plaintiff does not even allege with any specificity that false information remained on her credit report at the time of

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the exhibit and page numbers generated by that system.

4

Defendants' most recent denials; to the contrary, she admits that Defendants relied upon a recent history of late payments to justify their refusal to extend credit. ECF No. 26-3 ¶ 24. For her part, Plaintiff contends that she would not have made late payments were it not for the original denial of credit. But Plaintiff cites to no authority stating that the FCRA provides relief due to credit improperly denied. Therefore, Plaintiff's FCRA claim must be dismissed.

TILA was passed to provide consumers with a "meaningful disclosure of credit terms" and to protect them against "inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). TILA imposes penalties upon lenders who fail to make the required disclosures "before the credit is extended." *Gibson v. LTD, Inc.*, 434 F.3d 275, 280 (4th Cir. 2006). TILA's regulations clarify this timing requirement: "a creditor must 'make disclosures before *consummation* of the transaction.'" *Id*. (emphasis in original); *see also* 12 C.F.R. § 226.17(b). Consummation occurs when "a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2. Plaintiff never became contractually obligated on a credit transaction with Wells Fargo, as Wells Fargo denied each of her applications for credit. *See, e.g.,* ECF No. 26-3 ¶ 15. Therefore, Plaintiff has not stated a claim that Wells Fargo violated TILA.

Even assuming, without deciding, that Plaintiff became contractually obligated on a credit transaction with J.P. Morgan when she responded to the "Mortgage Conditional Approval" between February and March 2017, Plaintiff does not allege that J.P. Morgan failed to include disclosures required by TILA. Even if she did, TILA claims are subject to a one-year statute of limitations. *See, e.g., Strickland-Lucas v. Citibank, N.A.*, 256 F. Supp. 3d 616, 626-27 (D. Md. 2017). Plaintiff filed her original Complaint on September 29, 2018, more than one year after she responded to the J.P. Morgan's conditional mortgage approval. ECF No. 1-4. Therefore, Plaintiff's TILA claim against J.P Morgan must also be dismissed.

ECOA bars discrimination against applicants for credit "on the basis of race, color, religion, national origin, sex or marital status or age." 15 U.S.C. § 1691(a)(1). Where, as here, there is no direct evidence of discrimination, this Court analyzes ECOA claims under the *McDonnell Douglas* burden-shifting framework; that is, to establish a prima facie ECOA claim, Plaintiff must allege (1) that she belongs to a class protected by the statute, (2) that she applied for credit for which she was qualified, and (3) that she was rejected despite her qualifications. *Boardley v. Household Fin. Corp. III*, 39 F. Supp. 3d 689, 710-11 (D. Md. 2014). Here, Plaintiff has not plausibly alleged that she was qualified for credit. Plaintiff admits that J.P Morgan first rejected her application due to a debt-to-income ratio of 137.502%, well exceeding the guideline limit of 45%. ECF No. 26-3 ¶ 13. She admits that Wells Fargo rejected her application due to a debt-to-income ratio of 163.678%, well exceeding its maximum allowable ratio of 40%. *Id*. ¶ 16. By the time she reapplied for credit after securing employment, Plaintiff admits she had recently been 30-days and 90-days late on payments to Wells Fargo and J.P. Morgan, respectively. *Id*. ¶ 23.

Plaintiff contends that Defendants, by refusing to include her alimony and other spousal support payments in their debt-to-income calculations, discriminated against her on the basis of her marital status. Even if that were so, Plaintiff does not allege that were Defendants to have included these payments, her debt-to-income ratio would have come within either of Defendants' limits. Nor does Plaintiff allege that these forms of income were treated differently than other forms of income considered by Defendants. Therefore, Plaintiff's ECOA claim must be dismissed.

The MCPA prohibits "unfair, abusive, or deceptive trade practices" in the extension of consumer credit. Md. Code Ann. Com. Law § 13-303(4). A lengthy list of such practices is

annotated in § 13-301 of the Maryland Code. Though Plaintiff's Amended Complaint does not specify which particular practices Defendants have adopted, her opposition brief highlights the ban on false and misleading statements, § 13-301(1), and failures to state a material fact if the failures deceive or tend to deceive, § 13-301(3). "[B]ecause the MCPA claim sounds in fraud, it is subject to the heightened pleading requirement of Federal Rule of Civil Procedure 9(b)." *Marchese v. JPMorgan Chase Bank, N.A.*, 917 F. Supp. 2d 452, 465 (D. Md. 2013). To state a claim, Plaintiff must allege, with particularity:

> (1) the defendant made a false statement of fact; (2) the defendant knew the statement was false or acted with reckless disregard for the truth of the statement; (3) the defendant made the statement for the purpose of defrauding the plaintiff; (4) the plaintiff reasonably relied on the false statement, and (5) the plaintiff was damaged as a result.

*Id*. Here, Plaintiff alleges that Defendants made false statements in regard to her credit report. But she has not alleged that either of the Defendants knew the statement was false or acted with reckless disregard for the truth, nor has she alleged that either of the Defendants made the statement for the purpose of defrauding her. Therefore, her MCPA claim must be dismissed.

Plaintiff's proposed Amended Complaint adds breach of contract claims against both Defendants. Plaintiff contends that J.P. Morgan's February 2017 "Mortgage Conditional Approval" and Wells Fargo's August 11, 2017 letter approving refinancing constitute "fully and legally binding offers to refinance the subject property." ECF Nos. 26-3 ¶¶ 46, 51. J.P. Morgan's conditional approval was just that—conditional—and by its own terms does not constitute a binding offer. *See* ECF No. 24-4 at 2 ("This conditional approval is based on the information you provided in your application, which is subject to verification. It is not a commitment and may be subject to revision or revocation . . ."); *see also Md. Supreme Corp. v. Blake Co.*, 279 Md. 531, 539 (Md. 1977) ("An offer must be definite and certain."). As to the alleged offer by Wells

Fargo, Plaintiff's allegations include no specific contractual language or terms whatsoever. Therefore, her allegation that the parties formed a contract—a question of law—is conclusory and need not be taken as true, *Revene*, 882 F.2d at 873, and her breach of contract claim must be dismissed.

Finally, the attachment of *lis pendens* to a property advises a person who seeks to acquire an interest in the relevant property that it will be bound by the outcome of the noticed litigation. *Greenpoint Mortg. Funding, Inc. v. Schlossberg*, 390 Md. 211, 304 (Md. 2005). Because Plaintiff's claims shall each be dismissed, the *lis pendens* must be terminated.

## IV.     CONCLUSION

Plaintiff's proposed Amended Complaint, ECF No. 26-3, does not state a claim for any violation of state or federal law. Therefore, the Motion for Leave to Amend, ECF No. 26, is denied as futile. Defendants' Motions to Dismiss, ECF Nos. 18, 21, are granted. A separate Order shall issue.

Date: <u>May    17, 2019</u>                                  /s/_____
                                                                                GEORGE J. HAZEL
                                                                                United States District Judge