**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **JOAN FRANCES BRAULT,** | * |
| Plaintiff, | * |
| v. | *     Case No.: GJH-18-3244 |
| **TRANS UNION, LLC,** *et al.*, | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff Joan Frances Brault, a licensed attorney proceeding *pro se*, filed this lawsuit against Defendants Trans Union, LLC ("Trans Union"), J.P. Morgan Chase Bank, N.A., ("J.P. Morgan"), and Wells Fargo Bank, N.A. ("Wells Fargo") alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, the Federal Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, and the Maryland Consumer Protection Act ("MCPA"), MD. CODE ANN., COM. LAW § 13-301, as well as state law contract and property claims. ECF No. 1-4. On May 17, 2019, the Court issued a Memorandum Opinion and Order granting Motions to Dismiss filed by J.P. Morgan and Wells Fargo, denying Plaintiff's Motion for Leave to File Amended Complaint, and directing the Clerk to close the case. ECF Nos. 31, 32. Plaintiff has now filed a Motion to Alter or Amend Judgment pursuant to Federal Rules of Civil Procedure 59(e), 60(a), and 60(b). ECF No. 33. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion to Alter or Amend Judgment is granted, in part, and denied, in part.

## I. BACKGROUND

In 2017, Plaintiff sought to refinance her home with J.P. Morgan and Wells Fargo, but both entities denied her credit. *See* ECF Nos. 1-4, 26-3. J.P. Morgan first conditionally approved Plaintiff's application to refinance her home and required Plaintiff to complete various tasks, including signing the application and related agreements, providing copies of financial records, and making a $500 payment, ECF No. 26-3 ¶ 9. Plaintiff completed these tasks, but J.P. Morgan ultimately denied the application because the parties to the new transaction were not the same as the parties to the original mortgage[1] and because Plaintiff's debt-to-income ratio was 137.502%. *Id.* ¶ 12. Plaintiff subsequently learned that the Trans Union credit report on which J.P. Morgan relied to deny her application contained false information, "including a long list of unauthorized inquiries into Plaintiff's credit, credit card debt not attributable to Plaintiff," and the address of her ex-husband listed as her own. *Id.* ¶ 14.

Plaintiff's application for refinancing with Wells Fargo was denied because her "163.678% debt-to-income ratio [] did not qualify." *Id.* ¶¶ 15–16. Wells Fargo subsequently informed Plaintiff that the maximum allowable debt-to-income ratio was 40%. *Id.* ¶ 16.

Plaintiff later reapplied for refinancing after securing employment. She alleges that Wells Fargo approved her application on August 11, 2017, but it then denied the application by a letter dated August 18, 2017 due to insufficient income, high balances on revolving accounts, level of delinquency, and number of credit inquiries. *Id.* ¶ 17. Plaintiff alleges that the delinquency information on her credit report was incorrect at the time and that Wells Fargo's debt-to-income ratio calculation was incorrect. *Id.* ¶¶ 17, 18.

---

[1] The parties to the original transaction were Plaintiff and her now ex-husband. Plaintiff was the only party to the new transaction.

J.P. Morgan subsequently recommended submitting an application for an assumption of the mortgage, but that application was also denied due to Plaintiff's debt-to-income ratio. *Id.* ¶ 19. J.P. Morgan did not include Plaintiff's alimony as income because Plaintiff could not show that she had received six months of alimony payments, as was required by J.P. Morgan's underwriting guidelines. *Id.*

During the fall and winter of 2017, the parties entered conciliation, but Wells Fargo and J.P. Morgan both continued to refuse to offer Plaintiff a refinance or assumption of the mortgage; J.P Morgan stated that this denial was due to late payments made on Plaintiff's accounts during the fall. *Id.* ¶¶ 22–24.

Plaintiff filed a Complaint against Trans Union, J.P. Morgan, and Wells Fargo in the Circuit Court for Howard County on September 29, 2018. ECF No. 1-4. The Complaint alleged FCRA, TILA, ECOA, and MCPA violations against all Defendants and that the action directly affected an interest in real property, so constructive notice of *lis pendens* attached to the home Plaintiff was attempting to refinance. *Id.* The case was removed to this Court on October 18, 2018. ECF No. 1. Trans Union filed an Answer on November 2, 2018, ECF No. 11, and Wells Fargo and J.P. Morgan filed Motions to Dismiss on November 13, 2018 and December 3, 2018, respectively, ECF Nos. 18, 21. On March 30, 2019, Plaintiff filed a Motion for Leave to File Amended Complaint. ECF No. 26. The proposed Amended Complaint alleged that all Defendants violated the FCRA, TILA, ECOA, and MCPA and that Plaintiff was entitled to specific performance of her respective contracts with Wells Fargo and J.P. Morgan. ECF No. 26-3. The proposed Amended Complaint provided the same notice of *lis pendens*. *Id.*

On May 17, 2019, the Court issued a Memorandum Opinion and Order denying Plaintiff's Motion for Leave to File Amended Complaint, granting Wells Fargo's and J.P.

Morgan's Motions to Dismiss, and closing the case. ECF Nos. 31, 32. On May 25, 2019, Plaintiff filed a Motion to Alter or Amend Judgment pursuant to Federal Rules of Civil Procedure 59(e), 60(a), and 60(b).[2] ECF No. 33. Wells Fargo, J.P. Morgan, and Trans Union each filed oppositions on June 7, June 10, and June 18, 2019, respectively, ECF Nos. 34, 35, 38, and Plaintiff filed separate replies on June 10, June 11, and June 21, 2019, respectively, ECF Nos. 36, 37, 39.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter or amend a judgment no later than twenty-eight days after the entry of the judgment. Fed. R. Civ. P. 59(e); *see also Ford v. United States*, Case No. GJH–11–3039, 2016 WL 3430673, at *1 (D. Md. Mar. 16, 2016). One purpose of Rule 59(e) is to "permit[] a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). However, the Fourth Circuit recognizes only three grounds on which a court may alter or amend an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co.*, 148 F.3d at 403). "Clear error or manifest injustice occurs where a court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . .'" *Wagner v. Warden*, Case No. ELH–14–791, 2016 WL 1169937, at *3 (D. Md. Mar. 24,

---

[2] In her Motion, Plaintiff cites to Rule 60(d) instead of Rule 60(b). ECF No. 33 at 1. In her reply briefs, she corrects her typographical error. ECF No. 36 at 1, 1 n.1; ECF No. 37 at 1; ECF No. 39 at 1.

2016) (quoting *King v. McFadden*, Case No. 1:14-cv-00091-JMC, 2015 WL 4937292, at *2 (D.S.C. August 18, 2015)).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403 (citation omitted). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (citation omitted). "[M]ere disagreement" with the court's ruling does not support a motion to alter or amend the judgment. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). Such limitations are necessary because "[w]ere it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court—not to mention its patience." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 453 (4th Cir. 2005) (quoting *Potter v. Potter*, 199 F.R.D. 550, 553 (D. Md. 2001)) (internal quotations omitted).

Federal Rule of Civil Procedure 60 addresses the circumstances under which a party may obtain relief from a judgment or order. Rule 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Rule 60(b) allows a moving party to obtain relief from a final judgment where it shows that its motion is timely, that it has a meritorious defense to the action, that the opposing party would not be unfairly prejudiced by having the judgment set aside, and that one or more of the six grounds set forth in Rule 60(b) is satisfied. *Park Corp v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1986). Rule 60(b) provides that the court may vacate a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the

judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

## III. DISCUSSION

Plaintiff contends that the Court should reconsider the May 17, 2019 Memorandum Opinion and Order pursuant to Rules 59(e) and 60(b) because the Court incorrectly dismissed her claims against Wells Fargo and J.P. Morgan and committed a clear error of law by denying her request to file an amended complaint. She contends further that her claims against Trans Union survived the Memorandum Opinion and Order because Trans Union chose to file an Answer, rather than its own motion to dismiss, and therefore the Court's order directing the Clerk to close the case was a clerical error that should be corrected pursuant to Rule 60(a).

As to Plaintiff's request that the Court reconsider its dismissal of her claims against Wells Fargo and J.P. Morgan, Plaintiff's Motion amounts to "mere disagreement" with the Court's ruling. *See Hutchinson*, 944 F.2d at 1082. She does not identify any change in controlling law or any new evidence that has become available since the issuance of the Memorandum Opinion and Order, *see Westinghouse Savannah River Co.*, 305 F.3d at 290, and she does not point to any area where the Court misunderstood a party, made a decision outside the issues presented, or made an error of apprehension, rather than reasoning, such that the Court would need to correct a clear error of law or prevent manifest injustice, *see Savannah River Co.*, 305 F.3d at 290. Rather, Plaintiff simply reiterates arguments that she made, or could have made, in her oppositions to the Motions to Dismiss. Because a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of

judgment," *see Pac. Ins. Co.*, 148 F.3d at 403, the Court will not alter or amend its judgment pursuant to Rule 59(e).

Plaintiff's request to reconsider the dismissal similarly fails under Rule 60(b). Plaintiff does not specify which of the Rule 60(b) grounds she relies on for relief from judgment, but as the Court has already explained, Plaintiff "generally has reasserted the same facts and legal theories offered in the Complaint [and proposed Amended Complaint] and in response to the Motion[s] to Dismiss, but has offered no basis for the Court to revisit its analysis of those theories." *See Jackson v. Branch Banking and Trust Co.*, Case No. TDC–14–3155, 2016 WL 1446783, at *1 (D. Md. Apr. 13, 2016) (denying a motion for relief from judgment pursuant to Rule 60(b)). Indeed, none of the specific grounds for relief under Rule 60(b) apply to Plaintiff's Motion, and "mere disagreement" with a court's legal analysis does not justify extraordinary relief under Rule 60(b)(6)'s "catchall" provision. *See Lamb v. Spencer*, Case No. PX–16–2705, 2019 WL 2921787, at *3 (D. Md. July 8, 2019) (denying a motion pursuant to Rule 60(b)(6) because "mere disagreement does not meet the stringent requirements of Rule 60(b)(6)"); *Tyler v. AMTRAK*, Case No. PJM–15–1666, 2016 WL 6170509, at *1 (D. Md. Oct. 24, 2016) (stating that Rule 60(b)(6) "may be invoked in only extraordinary circumstances"). Thus, Plaintiff's Motion to Alter or Amend Judgment with respect to the dismissal of Plaintiff's claims against Wells Fargo and J.P. Morgan is denied.

Plaintiff also asks the Court to reconsider its denial of leave to amend because "failure to grant leave to amend presents a clear error or other manifest injustice pursuant to the requirements of Rule 59(e) and 60(b)." ECF No. 36-1 ¶ 2. Pursuant to Federal Rule of Civil Procedure 15, the parties may amend their pleadings "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when

7

justice so requires," *id.*, "unless the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile," *Steinburg v. Chesterfield Cty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008) (internal quotation marks omitted). In its Memorandum Opinion, the Court analyzed Plaintiff's proposed Amended Complaint, *see* ECF No. 31 at 4–8, and determined that it "d[id] not state a claim for any violation of state or federal law," and therefore amendment would be futile, *id.* at 8. Futility is a recognized ground for denying leave to amend, so the Court's ruling presents no clear error or other manifest injustice. Thus, Plaintiff's Motion to Alter or Amend Judgment is denied with respect to the denial of leave to amend.

Finally, pursuant to Rule 60(a), Plaintiff asks the Court to correct the mistake in the Order directing the Clerk to close the case. Plaintiff is correct that only Wells Fargo and J.P. Morgan filed Motions to Dismiss, *see* ECF Nos. 18, 21, while Trans Union filed an Answer, *see* ECF No. 11. Thus, the Court's Memorandum Opinion addressing the Motions to Dismiss only dismissed the claims against Wells Fargo and J.P. Morgan, and it did not resolve Plaintiff's claims against Trans Union. *See* ECF No. 31. It was therefore a clerical error that the Order accompanying the Memorandum Opinion directed the Clerk to close the case when it should have only dismissed Wells Fargo and J.P. Morgan as defendants. Contrary to Trans Union's assertions, Wells Fargo and J.P. Morgan's arguments as to whether Plaintiff failed to state a claim do not "apply equally" to Trans Union, *see* ECF No. 38 at 3,[3] because Trans Union, as a credit reporting agency, plays a different role in the Complaint and proposed Amended Complaint than Wells Fargo or J.P. Morgan, which are both banking institutions that offer refinancing services. The Court will therefore not dismiss the claims against Trans Union *sua*

---

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

*sponte* or allow Trans Union to make a motion under Rule 12(b)(6) in response to Plaintiff's Motion to Alter or Amend when it chose to file an Answer instead of a motion to dismiss. Accordingly, Plaintiff's Motion to Alter or Amend Judgment is granted with respect to the Order directing the Clerk to close this case. Plaintiff's claims against Trans Union remain pending and the case will proceed on those claims.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Alter or Amend Judgment is granted, in part, and denied, in part. The Court will not alter its decision to dismiss Plaintiff's claims against Wells Fargo and J.P. Morgan or its decision to deny leave to amend, but it will amend its previous Order and direct the Clerk to re-open the case. The case will proceed with the claims against Trans Union. A separate Order shall issue.

Date: <u>December   27, 2019</u>             /s/_____
                                             GEORGE J. HAZEL
                                             United States District Judge